The judgment is reversed.

---

## Knipper *v.* Chase.

Where an action was brought on an instrument in the words and figures following: "$5,000,00. On the first day of April, 1857, for value received, I promise to pay Decker & Knipper, or order, five thousand dollars, and ten per cent. interest. And for the security of the payment of the same, I have left with them, the said Decker & Knipper, six Louisa county (of Iowa), bonds, Nos. 81, 82, 84, 85, 86, and 87, for one thousand dollars each ; and do hereby authorize them to sell said bonds at their market value—said value, however, in no case to be less than eighty (80) per cent. on the principal and interest accrued previous to · sale, and apply the proceeds thereof to the payment of the above. amount; and it is agreed, that in case the said Chase fails to pay the said five thousand dollars and interest, at maturity, then the said collat-

eral shall be forfeited therefor to said Decker & Knipper, or the said Decker & Knipper may, at their option, return said bonds to said Chase, and commence suit against him. Dated, Wapello, Dec. 3, 1856. Levi Chase"—and which instrument was indorsed as follows: "For value received, I hereby assign all my right, title and interest, in the within note to Adolph Knipper, this 5th October, 1857. Wm. H. Decker;" and where the petition was demurred to, for the following reasons: 1. That the writing is not a promissory note, but an article of agreement; 2. That there is no averment of compliance with the conditions of the in_strument, or that the bonds referred to have been returned or tendered to defendant, and payment demanded; 3. That it does not appear from the assignment, that the plaintiff is the owner of the note— which demurrer was sustained by the court; *Held,* 1. That the instrument was properly declared upon as a promissory note; 2. That the right of the plaintiff to sue on the instrument, was not dependant upon the compliance with one or the other stipulations contained therein; or, in other words, upon the failure of defendant to pay at maturity, the plaintiff was not required either to credit the note with the amount of the bonds, or to return them to defendant before he commenced his suit. (WOOD-WARD, J., dissenting); 3. That if the bonds had been forfeited and disposed of, by the payee, and he had not applied the proceeds in payment of the note, it was not a ground of demurrer, but the facts should be set up in the answer, by way of defence; 4. That the plaintiff was not required to aver and show, that the collateral security had been either sold and applied in payment of the debt, or returned to the defendant. (WOODWARD, J., dissenting); 5. That the words of the instrument, "or the said Decker & Knipper may, at their option, return said bonds to said Chase, and commence suit against him," were only an attempt to confer upon the payee a right and authority to sue, which he already possessed without the consent or agreement of defendant; 6. That the note was sufficiently shown, *prima facia,* to be the property of the plaintiff; and if the defendant would controvert the fact of ownership of the note, he must do so by plea.

*Appeal from the Louisa District Court.*

SATURDAY, OCTOBER 30.

Suit on an instrument of writing in the following form: "$5000,00. On the first day of April, 1857, for value received, I promise to pay Decker & Knipper, or order, five thousand dollars, and ten per cent. interest. And for the security of the payment of the same, I have left with them, the said Decker & Knipper, six Louisa county (of

Iowa) bonds, numbers 81, 82, 84, 85, 86, and 87, for one thousand each; and do hereby authorize them to sell said bonds at their market value; said value, however, in no case to be less than eighty (80) per cent. on the principal and interest accrued previous to sale, and apply the proceeds thereof, to the payment of the above amount; and it is agreed, that in case the said Chase failed to pay the said five thousand dollars and interest, at maturity, then the said collaterals shall be forfeited therefor, to said Decker & Knipper, or the said Decker & Knipper may, at their option, return said bonds to said Chase, and commence suit against him. Dated at Wapello, Dec. 3d, 1856.

Levi Chase."

This writing is indorsed as follows: "For value received, I hereby assign all my right, title, and interest in the within note, to Adolphe Knipper, this 5th October, 1857.

William H. Decker."

The defendant demurred to the petition for the following reasons:

1. That the writing is not a promissory note, but an article of agreement.

2. That there is no averment of compliance with the conditions of the instrument; or that the bonds referred to, have been returned or tendered to defendant, and payment demanded.

3. That it does not appear from the assignment, that the plaintiff is the owner of the note.

The demurrer was sustained, and the plaintiff appeals.

*Starr & Phelps* and *Henry O'Conner*, for the appellant.

*Hall, Harrington & Hall*, for the appellee.

Stockton, J.*—I. We think the instrument of writing is well declared upon as a promissory note. It is a promise

---

* Woodward, J., dissenting.

for the payment of money, at all events.  There is no uncertainty as to the payee, nor as to the amount, or time of payment; nor, as we understand it, is the payment subject to any condition or contingency.

II.  The maker annexes to his obligation, a written authority to the payee, to dispose of certain bonds, placed in his hands as a collateral security for the payment of the note.  This part of the writing imposes no duty on the payee, nor affixes any condition to the liability of defendant.  The payee is authorized to dispose of the bonds at eighty cents on the dollar, and apply the proceeds, as far as they may go, in discharge of the note.  If the bonds cannot be sold at eighty cents, and the defendant does not pay the note at maturity, the holder is authorized to forfeit the bonds—by which, we understand, he is authorized to sell them at their current value in the market; or he may, at his option, return them to defendant, and commence suit on the note.  If he does neither, we do not undertsand that the liability of the maker, is in any degree lessened, or the right of the payee, or holder, to have payment of the note, in any sense taken away.

It is agreed by defendant, that by the terms of the instrument of writing, upon the failure of respondent to pay at maturity, the holder has his election to do two things :  he may credit the note with the amount of the bonds, or he may return them to defendant, and commence suit;  and that his right to sue, is dependant upon his compliance with one or the other of these stipulations.

We do not regard the matter appended, as constituting a part of the promissory note, in any greater degree than if the authority conferred by it on the obligee, had been given by a separate instrument of writing, or on a separate piece of paper.  The bonds were already in the hands of the creditor as collateral security, and this is not an agreement to sell them, and to credit their amount on the note —nor to return them to defendant before suit brought. Neither of these events is stipulated for, or imposed by way

of condition, on the plaintiff's right of action.   If the bonds have been forfeited and disposed of by the payee, and he has not applied the proceeds in payment of the note, such facts may be set up, in an answer, by way of defence.   It is not a ground of demurrer.

We cannot give to the instrument such an interpretation as shall require the holder, in any suit brought upon it, to aver and show, that the collateral security had been either sold and applied in payment of the debt, or returned to the defendant.   He may have been unable to dispose of the bonds, and under such a construction as defendant con_tends for, he need only, in such event, refuse payment of the note, in order to have the collateral security returned to him, before he could be sued.   Such a requirement, would be wholly inconsistent with the idea that the bonds had been delivered to the creditor as collateral security.

Still more inconsistent is it with the idea of the obligation of a promissory note, that the holder shall be required, before he can enforce its payment, to surrender a collateral security deposited with him.   There has been no such agreement in this case.   The obligation to pay, has not been clogged with any such condition. It is a simple promise to pay, with authority to dispose of the collateral security.   The words of the instrument, " or the said Decker & Knipper, may, at their option, return said bonds to said Chase, and commence suit against him," are only an attempt to confer upon the payee, a right and authority to sue, which he already possessed, without the consent, or agreement of defendant.

III.   The objection to the assignment is, that it does not show that the plaintiff is the owner of the promissory note.   The plaintiff does not aver, in his petition, that the Decker, who is shown to have made the assignment, and the Knipper, to whom he transfers his interest, are the identical Decker & Knipper, the payees of the note.   But he avers that, by the assignment, the note has become the property of the plaintiff.   We think that the note is sufficiently shown *prima facie*, to be the property of the plaintiff.

If the defendant would controvert the fact of ownership, he must do so by plea.

We think the demurrer to the petition should have been overruled.

Judgment reversed.

WOODWARD, J., *dissenting*.—I am unable to concur in the foregoing opinion, on the main point. The holders were to return the securities before suit, in my opinion. It is no matter how little this may comport with the idea of a collateral; nor is it absurd to suppose, that they may have undertaken to return, if they resorted to suit. These things may be affected, and were governed by the contract, and, to my mind, it is very plain that it does control them. Looking at the contract made by the parties, and not at the law, as it would be without such agreement, I think the demurrer was rightly sustained.